IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )  Civil Action No. 2:11-cv-00967<br>) |
| v. | )  Judge Mark R. Hornak<br>) |
| FRANK E. ALLEN et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is Plaintiff's Motion for Entry of a Default Judgment against named Defendant Frank E. Allen ("Allen"). This action is brought by Markel American Insurance Company ("Markel" or "Plaintiff") against Allen, Waffle House, Inc., West Penn Waffles LLC and Troy Ridgley. Markel seeks a declaration that it has no obligation to defend or indemnify the Defendants under Markel Employment Practices Liability ("EPL") insurance policy EP 282953 ("Policy") as to a tort action pending in the Washington County, Pennsylvania Court of Common Pleas styled "Jane Doe v. Frank E. Allen, et al," GD-2009-7111 ("Doe Action"). The Defendants, other than Allen, have filed various answers and motions and counterclaims in opposition to Markel's claims.

This case arises from Allen's conviction for rape. Allen was convicted of raping Jane Doe, a fellow Waffle House restaurant employee. That conviction was affirmed on direct appeal to the Pennsylvania Superior Court and further review was denied by the Pennsylvania Supreme Court. Allen was employed as the supervisor of a Waffle House restaurant located in

Washington, Pennsylvania. The restaurant was owned by West Penn Waffles LLC, whose principal is Troy Ridgley. It was affiliated with Waffle House, Inc. Allen is currently incarcerated at Pennsylvania's Graterford Correctional Institution.

A brief review of this case's salient procedural history is relevant in the disposition of this motion. This civil action was instituted by a complaint for declaratory relief filed July 26, 2011. (Doc. No. 1) On July 28, 2011, a summons was issued as to all Defendants including Allen. (Doc. No. 5) On September 19, 2011, the return of service was filed "executed" as to service upon Allen and a docket entry was made indicating that his answer or other response was due by September 14, 2011. (Doc. No. 13) When no answers or other responses were filed, on November 17, 2011, Markel requested the entry of a default against Allen, Ridgley and West Penn Waffles LLC (Doc. No. 18) and the Clerk of this Court entered such defaults pursuant to Fed. R. Civ. P. 55(a) on November 22, 2011. (Doc. No. 19)

On December 12, 2011, an affidavit of service of the notice of default as to Allen, Ridgley and West Penn Waffles LLC was filed by Markel (Doc. No. 20), and subsequently Ridgley and West Penn Waffles LLC filed their answers. (Doc. Nos. 20, 24) On December 27, 2011, Markel moved for a default judgment against Allen, supporting it with a proposed order, a comprehensive brief in support of the motion and exhibits, including the state court complaint in the Doe Action and various other supporting documents. (Doc. No. 23) On January 10, 2012, Markel filed an affidavit of service for the motion for default judgment indicating personal service upon Allen by delivery to the Graterford Correctional Institution and by mail. (Doc. No. 32)

On January 13, 2012, this Court entered an order directing Allen to show cause, on or before February 3, 2012, as to why the Court should not grant the relief sought in Markel's

motion for entry of default judgment. (Doc. No. 34) By text order dated February 14, 2012, the Court extended that period of time to and including March 15, 2012, specifically ordering that if good cause was not shown on or before that date as to why Plaintiff's motion for default judgment should not be granted, the Court "will grant" Plaintiff's motion and enter judgment against Allen "without further notice."

March 15, 2012 came and went. On March 26, 2012, the Clerk of this Court received correspondence from Allen directed to the caption in this case and this member of the Court. Allen's handwritten six-page letter (Doc. No. 57), contained in an envelope postmarked March 9, 2012, consisted principally of an explanation as to why he believed his state court conviction was unjust and claiming various problems with the representation he received in that criminal proceeding related to the charges of violent sexual assault filed against him. However, Allen's handwritten submission also contained a three-page "pleading" which appears to be Allen's effort to answer not the Complaint in this action in this Court, but the underlying complaint in the Doe Action, pending in the Court of Common Pleas of Washington County.

Markel has now renewed its request that notwithstanding this filing by Allen (which appears to not address, at all, the motion for default judgment or the claims asserted for declaratory relief in this action), its claims for default judgment and declaratory relief against Allen remains ripe for disposition and should be granted.

In its motion for default judgment and supporting materials, Markel avers, in essence, that there is no excuse for the delay in Allen's failure to respond or even acknowledge the claims for declaratory relief asserted by Markel. Further, Markel asserts that there is actual prejudice to it by the delay that has been caused by Allen's non-participation in this litigation. In particular, Markel notes that the Washington County Doe Action is likely to be coming to trial in the next

3

few months. According to Markel, the allocation of resources to Allen's defense, which defense costs reduce the available Policy coverage, is not warranted, Allen is not a named insured under the Policy, the claims against him are not covered in any event based on applicable Policy exclusions, Allen has not "appeared" in this action, and resolution of Allen's status under the Policy would materially further the management and disposition of the Washington County Doe Action. Notably, Markel also asserts that Allen has no valid defense to a declaratory judgment of non-coverage of the Doe Action claims under the Policy.

According to Markel, a person seeking coverage or asserting the coverage under the Policy bears the burden of showing that they hold the status of an "insured" under the Policy and that the claims asserted against them in an underlying action come within the Policy's insuring agreements. See Henkel Corporation v. The Hartford Accident & Indemnity Company, 399 F.Supp. 2d 607, 613-14 (E.D. Pa. 2005), *aff'd* 271 Fed. Appx. 161 (3d Cir. 2008). According to Markel, Allen has no justifiable position for coverage because he is not a "named insured" ("Insured") under the Policy (only West Penn Waffles LLC carries that status (Doc. No. 23-2 at 10-12)), and, notwithstanding his supervisory status, there is no basis to conclude that Allen is a "manager" not simply of the restaurant, but of that limited liability company ("LLC"). Further, according to Markel, even if Allen's status as a common-law supervisor was considered, there arguably could only be Policy coverage if Allen was acting "solely . . . on behalf of the Named Insured and within the scope of [his] duty as manager of the limited liability company," when he raped Doe. (ECF Doc. 23-2 at 10) Given Allen's criminal conviction for violent sexual assault and the allegation in the Doe Action complaint that Doe claims that Allen drove her to his house, subdued her physically, sexually assaulted and forcibly raped her, Markel asserts that there can be no valid claim that the Policy could apply to such conduct, since by no stretch could it be

considered conduct Allen would have engaged in "solely while acting on behalf of" West Penn Waffles LLC and "within the scope of duties owed to" that organization. According to Markel, Allen's rape of Doe was both outrageous and motivated by purely personal motive and had nothing to do with the business of any Insured.

Markel also points out that the Policy does not provide coverage for any claim to the extent it alleges resulting bodily injury. (Doc. 23-2 at 10-11) Given that the Doe Action complaint accuses Allen of violent rape and sexual assault, it necessarily alleges bodily injury to Doe. Finally, Plaintiff asserts that Allen can have no defense to its claim for a declaration that he is not covered by the Policy because of a criminal conduct exclusion which bars Policy coverage as to any claim "based upon or arising out of conduct of the Insured . . . that is criminal." (Doc. 23-2 at 11)

By its motion for default judgment, Plaintiff seeks an order entering default judgment against Allen pursuant to Fed. R. Civ. P. 55(b)(2) in light of the default already entered pursuant to Fed. R. Civ. P. 55(a) and his repeated failure to answer the Complaint here, or otherwise show cause why such judgment should not be entered against him. Further, because the default judgment would establish all well-pleaded allegations of the complaint, Evony LLC v. Holland, 11-cv-0064, 2011 WL 1230405, at *2 (W.D. Pa. Mar. 31, 2011), Markel seeks further relief in the form of a declaration that there is no coverage for claims alleged against Allen in the Doe Action.

As set forth in the recitation of the proceedings relative to Allen and as reflected on the docket of this Court, Allen has been on notice since service of the Complaint of the claims against him in this declaratory judgment action. When default was noticed against him pursuant to Fed. R. Civ. P. 55(a), he was served with a copy of the notice of default. Thereafter, although

5

not required by the Federal Rules of Procedure, the Local Rules of this Court or applicable case law, Allen has been given two (2) further opportunities in the form of an order to show such cause as to why a default judgment should not be entered against him, the last opportunity specifically set forth in an order dated February 14, 2012 providing that if Allen did not show good cause on or before March 15, 2012, the Court "will grant" Markel's motion and enter judgment against Allen "without further notice."

That said, in response to this Court's most recent order to show cause, Allen did not completely sit on his rights. In his submission mailed to the Clerk of this Court bearing a postmark of March 9, 2012 (although not received until March 26, 2012), Allen filed the above-referenced handwritten statement. While the first part consists of various and sundry complaints against the quality of his representation by an Assistant Public Defender in the criminal proceeding that resulted in his felony conviction, the second part appears to be a paragraph-by-paragraph response not to the Complaint in this declaratory judgment action, but to the Doe Action tort complaint.

Because Allen has made some effort to respond to what he, as a lay person, might perceive to be the legal proceedings in this case, and did so by mailing the results of those efforts to the Court in an envelope bearing the postmark of March 9, 2012, the Court believes it is appropriate to afford Allen one final opportunity to address the specific allegations in <u>this</u> case in <u>this</u> Court, in order to assure that substantial justice is being done as to an unrepresented party as to whom the entry of a judgment, particularly a declaratory judgment, would substantially affect important rights. Therefore, the Court will order that Allen shall file with this Court on or before May 30, 2012 (meaning <u>received</u> by the Clerk of this Court on or before that date): (1) an Answer to Plaintiff's Complaint for Declaratory Relief, (2) a response to Plaintiff's Motion for

the Entry of Default Judgment, and (3) a specific and detailed statement as to why Allen has any defense to Markel's Complaint and request for Declaratory Relief in this action. This last item means Allen must provide an explanation as to why and how Doe's state court complaint in the Court of Common Pleas of Washington County alleges conduct against him that was in the actual and ordinary scope of his duties as an employee of West Penn Waffles LLC and specifically as to why the conduct that is alleged in the Doe Action is not within the Policy's coverage exclusions for bodily injury and criminal conduct.

To facilitate Allen's response, the Court will forward to him, along with this Memorandum Opinion and accompanying Order, the Notice of Default (Doc. No. 19), true and correct copies of Markel's Motion for Entry of Default Judgment along with all attached and supporting documents (including Doc. Nos. 23, 23-1 23-2, 23-3, 23-4, 23-5, 26 and Doc. No. 29-1), copies of the Docket, Complaint in this action, and the Policy (Doc. Nos. 1 and 1-2).

Further, because Markel's Motion for Entry of Default Judgment is fully briefed and supported as to the merits of Markel's claims for Declaratory Relief, and, relying on the language of the Policy Markel asserts that there is no genuine issue of material fact and it is entitled to judgment against Markel as a matter of law, the Court shall also treat it, in the alternative, as a Motion for Summary Judgment as to Allen. Fed. R. Civ. P. 56(f) Therefore, Allen in his filing must demonstrate why, notwithstanding his various defaults, there <u>is</u> a genuine issue of material fact as to Markel's claim that he cannot be considered an "Insured" under the Policy, or excluded from coverage, as to Doe's claims, or show that Markel is otherwise not entitled to judgment in its favor. In this regard, the Court specifically advises Allen and the other parties that the language of the Doe Action complaint, the language of the Policy, and Allen's

criminal conviction, are material facts that may not be genuinely in dispute. Fed. R. Civ. P. 56(f)(3).

This Opinion, the accompanying Order of this Court, and documents described in the preceding paragraph shall be final notice to Allen that he must file an Answer and the required detailed response showing why judgment, default or otherwise, should not be entered against him on the grounds set forth in the motion for default judgment filed by Markel or why in the alternative, for the reasons set forth in Markel's Memorandum in Support of the Motion for Default Judgment, summary judgment should not be entered against Allen in the form of a declaratory judgment that he is not an Insured for purposes of the Doe Action under the terms of the Policy.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: April 20, 2012

cc: All Counsel of Record